DANIEL J. BARRY, RESPONDENT, v. BERGEN MEADOWS CORPORATION, A CORPORATION OF NEW JERSEY, AND SAMUEL W. SILVERMAN, APPELLANTS.

Submitted January term, 1931—Decided August 12, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellants, *I. Faerber Goldenhorn.*

For the respondent, *James A. Hamill.*

PER CURIAM.

This is an appeal by the defendant Samuel Silverman from a judgment rendered against him in the Hudson Common Pleas Court. The action was to recover $750 with interest based upon the following written agreement:

"This is to certify that we, Bergen Meadows, Corp., a corporation of New Jersey, are holding in escrow for Daniel J. Barry, the sum of seven hundred and fifty ($750) dollars.

We are to proceed immediately for the purpose of cancelling mortgage held by New York Mortgage Company,

dated November 19th, 1917. Just as soon as the mortgage is canceled and cleared from the record, we are to return to Daniel J. Barry, or his heirs or assigns, to above-mentioned sum, namely, seven hundred and fifty ($750) dollars, which we are holding in escrow.

BERGEN MEADOWS CORP.,
By (Sgd) Matthew J. Kurtz,
*President.*

Attest:
· · HARRY A. BIRNBAUM, (Sgd)
*Secretary.* .

I, the undersigned, S. Walter Silverman, hereby agree to be responsible for the above money, in the event that the Bergen Meadows Corp. does not return same immediately.

(Sgd) S. W. SILVERMAN."

The grounds of appeal are that the verdict was contrary to law, contrary to the judge's charge, and that the court should have granted the defendant's motion for a nonsuit because· of a failure of consideration and the defendant's motion for the direction of a verdict in his favor because of a like failure of consideration, and because there was affirmative evidence that no consideration was paid for the making of the contract upon which the suit was brought.

The first two of these obviously raise no legal question. If the verdict was contrary to law or the jury disregarded the judge's charge, the remedy was by rule for new trial and not by appeal.

We think it is quite clear that neither motion specified in the third and fourth grounds of appeal could, under the evidence, have been granted by the trial judge. As stated the suit was on the written contract. The complaint alleged that the mortgage mentioned in the agreement had been canceled and cleared from the record and this was admitted by the defendant's answer. It was proven that the plaintiff Barry, in July, 1928, sold to the Bergen Meadows Corporation a piece of land upon which there was a mortgage, and,

as appears by the agreement, the $750 was left in the hands of the purchaser in escrow as security pending its release, and the agreement for the return of this money was made and signed both by the Meadows corporation and by the appellant Silverman at the same time.

This consent undoubtedly made the making of the agreement and the retention of the moneys an adequate legal consideration for the obligation assumed by Silverman.

The principal contention of the appellant is that the Meadows corporation had incurred expenses in procuring the cancellation of the mortgage and that these substantially ate up the $750, leaving but a small balance of $42 due the plaintiff which had been tendered and refused. Leaving out of consideration the agreement itself, the plaintiff testified that the Meadows corporation assumed this burden and agreed to pay the cost of procuring the cancellation. While perhaps incompetent as evidence, this testimony was in the case without objection and could not be ignored.

We think, however, that the agreement itself was an absolute one to return the moneys upon the cancellation of the mortgage, not the moneys less so much as might be expended in clearing the title of the mortgage. The moneys were held as security pending the removal of the lien, but not as the means with which to secure its removal.

Appellant also seeks to present the question that this was a case of guaranty and that the plaintiff could not proceed against the appellant until it had exhausted proceedings against the Meadows corporation. Even if this were a sound proposition in law, it is not presented in any of the grounds of appeal nor was it presented to the trial judge on the motions referred to in these grounds.

The judgment is affirmed, with costs.